CHICAGO STOKER CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20987. Promulgated March 17, 1950.

*Jackson L. Boughner, C. P. A.*, for the petitioner.
*Charles D. Leist, Esq.*, for the respondent.

442

OPINION.

Murdock, *Judge*: The Commissioner contends that the amounts in question are not deductible because they were rentals or other payments required to be made as a condition to the continued use or possession, for the purposes of the trade or business, of property to which the taxpayer was taking title or in which it had an equity, and, therefore, they are not proper deductions under section 23 (a) (1) (A). He relies on such cases as *Goldfields of America, Ltd.*, 44 B. T. A. 200; *Judson Mills*, 11 T. C. 25; and *Truman Bowen*, 12 T. C. 446. He does not make any different point as to the part of the $30,000 paid in 1944.

The petitioner contends that the contract was not one of sale. He quotes the following from Williston on Sales, vol. 2, Rev. Ed., sec. 336, p. 299:

It is, however, essential in order to make a conditional sale, in the sense in which that term is used ordinarily in the Statutes or elsewhere, that the buyer should be bound to take title to the goods, or at least to pay the price for them. Therefore, a lease which provides for a certain rent in instalments is not a conditional sale if the lessee can terminate the transaction at any time by returning the property, even though the lease also provides that if rent is paid for a certain period, the lessee shall thereupon become the owner of the property.

The petitioner relies upon *Gilken Corporation*, 10 T. C. 445; affd., 176 Fed. (2d) 141; *Estate of Clarence B. Eaton*, 10 T. C. 869; *Rotorite Corporation*, 40 B. T. A. 1304 (reversed, 117 Fed. (2d) 245); and *Lincoln D. Godshall*, 13 T. C. 681.

The petitioner by reason of the payments here in question was able to use the property during the taxable years. The payments were made unconditionally in the sense that they were never going to be returned to the petitioner. The petitioner was not required to buy the property. The arrangement was that when the payments amounted to $70,000, the petitioner would receive title to the property. The petitioner was to have no legal title to the property until the payments equaled $70,000 and was never to have any title to the property unless the payments equaled $70,000. The evidence indicates that, if royalty payments had been made in accordance with the agreement, it would have been about 15 years before they would have amounted to $70,000. The petitioner on two occasions had seriously considered giving up the contract altogether and returning possession of the property to Whiting.

Cases like this, where payments at the time they are made have dual potentialities, i. e., they may turn out to be payments of purchase price or rent for the use of property, have always been difficult to catalogue for income tax purposes. A fixed rule for guidance of taxpayers and the Commissioner is highly desirable, and it is also desirable that the

rule, whatever it is, be as fair as possible, both to the taxpayer and the tax collector. If payments are large enough to exceed the depreciation and value of the property and thus give the payor an equity in the property, it is less of a distortion of income to regard the payments as purchase price and allow depreciation on the property than to offset the entire payment against the income of one year. That is the rule laid down in the *Judson* case and it finds support in section 23 (a) (1) (A). The payee, meanwhile, is not reporting the payments, since they are purchase price rather than rent, and his gain or loss can be determined at the time of the final outcome of the transaction. The *Judson Mills* and *Truman Bowen* cases, being the most recent ones and seeming to establish the more equitable rule, will be followed herein and the 'Commissioner's disallowance of the deductions will be allowed to stand.

*Decision will be entered under Rule 50.*